**LAW OFFICES OF WAYNE KREGER, PA**
WAYNE S. KREGER, California Bar No. 154759
wayne@kregerlaw.com
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone (310) 917-1083
Facsimile (310) 917-1001

**WORMINGTON & BOLLINGER**
Lennie F. Bollinger, Texas Bar No. 24076894*
LB@wormingtonlegal.com
212 E. Virginia Street
McKinney, Texas 75069
Telephone (972) 569-3930
Facsimile (972) 547-6440
*Pro Hac Vice application to be filed*

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>               Plaintiff,<br><br>    vs.<br><br>OMNI RANCHO LAS PALMAS, LLC;<br><br>          Defendant. | Case No. 5:18-CV-1291<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**<br><br>1. **NEGLIGENCE, NEGLIGENT HIRING, NEGLIGENT SUPERVISION, AND NEGLIGENT RETENTION;**<br>2. **FRAUD;**<br>3. **BATTERY;**<br>4. **ASSAULT;**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff JANE DOE[1]  ("Plaintiff"), alleges the causes of action and damages complained of herein against Defendant OMNI RANCHO LAS PALMAS, LLC, as follows:

## I.  NATURE OF THE CASE

1.     This case involves the sexual assault of Plaintiff by an employee at Defendant's resort.

2.     Defendant knew its employee had sexually assaulted at least one woman before Plaintiff was assaulted.

3.     Plaintiff has suffered enormous emotional trauma as a result of the sexual assault.  Plaintiff's damages would not have occurred but for Defendant's wrongful conduct complained of herein.

## II. PARTIES

4.     Plaintiff is a resident and citizen of Colorado.

5.     Defendant, OMNI RANCHO LAS PALMAS, LLC ("Omni") is a corporation organized under the laws of Delaware.  It may be served through its registered agent: Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

---

[1]   Because of the nature of the allegations herein, Plaintiff is identified by a pseudonym in order to preserve her confidentiality and to avoid any potential opprobrium, pursuant to applicable law, including *Starbucks Corp. v. Superior Ct.* (2008) 168 Cal.App.4th 1436.

### III.  JURISDICTION & VENUE

6.    This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

7.    The Court has jurisdiction over Defendant because it engaged in business in this Judicial District and the State of California in connection with the occurrences giving rise to this action, and because the wrongful conduct challenged herein was directed at, took place in, and/or had foreseeable injurious effects in this Judicial District and the State of California.

8.    Specifically, Defendant owns, operates, manages, and otherwise controls the luxury resort at which the occurrence made basis of this suit occurred at 41000 Bob Hope Drive, Rancho Mirage, California 92270.

9.    Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that Plaintiff's claims arose from events taking place within this Judicial District.

### IV.  FACTUAL ALLEGATIONS

10.    In August of 2017, Jane Doe gathered with her family at Defendant's resort, Omni Rancho Las Palmas Resort & Spa in Rancho Mirage, California (hereinafter referred to as the "Resort"). Defendant owned, operated, and managed the Resort.

11.    On August 28, 2017, Jane Doe, chose to get a massage at the Resort's on-site spa.

---

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

12.    Jane Doe was assigned a massage therapist by the name of Pedro Briceno Leija, Jr. ("Leija") who was employed by Defendant.

13.    Jane Doe had every expectation that based on the reputation and marketing of Defendant's spa services that Defendant's spa would be a safe, secure, and a well-managed facility.

14.    Jane Doe was led into a treatment room on Defendant's premises. As she lay in the room in a vulnerable and compromised position, she was sexually assaulted by Defendant's employee, Leija.

15.    Jane Doe reported the incident to police.  A police investigation revealed that a customer who had received spa services months before Jane Doe had experienced a sexual assault similar in nature to Jane Doe's during a massage by Defendant's employee, Leija.

16.    Defendant knew that Leija had sexually assaulted a woman before he assaulted Plaintiff.  Despite Defendant knowing this information, Defendant allowed Leija to continue performing massages because Defendant earned revenue for every massage performed by Leija.

**V. CAUSES OF ACTION**

A.    **FIRST CAUSE OF ACTION (NEGLIGENCE, NEGLIGENT HIRING, AND NEGLIGENT RETENTION**

17.    Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

18.     Defendant owed Plaintiff and the general public a duty of reasonable care in the hiring, training and supervision of its massage therapists.

19.     Defendant did breach that duty of care in the hiring, retention and/or supervision of Leija, who was unfit to be a massage therapist, and who was not adequately trained or supervised in his conduct with customers.

20.     Defendant knew or should have known that Leija would be a danger to patrons such as Plaintiff and lead to a risk of the very type of danger and harm that occurred on August 28, 2017.

21.     Defendant knew or should have known that Leija would be likely to assault a female customer given his prior assault.

22.     As a direct and proximate result of the negligence, carelessness, recklessness, and unlawfulness of Defendant, Plaintiff sustained serious injuries.

23.     Defendant knew or should have known that its negligence and breach of duty of care would cause or had a substantial probability of causing severe emotional distress to Plaintiff, and, in fact, did cause her severe emotional distress.

24.     Defendant knew or reasonably should have known that Leija was unfit and employed him with a conscious disregard of the rights or safety of others, so as to warrant the imposition of punitive damages.

25.     The conduct of Defendant was also engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others,

including, but not limited to, Plaintiff herein, so as to warrant the imposition of punitive damages.

26.     Accordingly, Plaintiff is entitled to recovery against Defendant in an amount to be determined at trial.

## B.     SECOND CAUSE OF ACTION (FRAUD)

27.     Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

28.     Defendant made intentional misrepresentations of fact to Plaintiff known by Defendant to be false, to wit, that Plaintiff would be safely receiving massage treatment with a massage therapist whose background had been screened by Defendant, and who would provide her with a safe massage, but who, in reality, Defendant had not screened in any meaningful way, and who was a grave threat to Plaintiff's safety and well-being.

29.     Defendant made these misrepresentations to Plaintiff despite knowing that it had not adequately screened its massage therapists.

30.     Defendant's false statements concerning its safety measures detailed herein were made knowingly, or with a willful, wanton and reckless disregard for the truth, and intended to deceive and defraud Plaintiff into agreeing to utilize Defendant's services.

31.    Defendant made these misrepresentations with the intent to cause Plaintiff to rely on this false information and induce her into utilizing Defendant's services, in spite of the concerns Plaintiff had about her safety.

32.    Plaintiff actually and reasonably relied on the false facts and misrepresentations provided by Defendant when she agreed to utilize Defendant's services, after being told that Defendant had screened their massage therapist and that he would provide her with a safe massage.

33.    As a result of Defendant's deliberate misrepresentations of material facts, Plaintiff suffered significant damages.

34.    Accordingly, Plaintiff is entitled to recovery against Defendant in an amount to be determined at trial.

## C.    THIRD CAUSE OF ACTION (BATTERY)

35.    Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

36.    The violent acts committed against Plaintiff by Defendant's employee while he was performing his job duties, including his sexual assault of Plaintiff, amounted to a series of harmful and offensive contacts to Plaintiff, all of which were done intentionally and without Plaintiff's consent.

37.    Defendant is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior. Defendant is vicariously liable for its

1   employees' and agents' intentional and negligent torts, whether or not such acts were

2   committed within the scope of employment.

3        38.    As a direct and proximate result of the aforementioned conduct, Plaintiff

4   has sustained and will sustain physical injury, pain and suffering, serious

5   psychological and emotional distress, mental anguish, embarrassment and humiliation.

6        39.    As a direct and proximate result of the aforementioned conduct, Plaintiff

7   has incurred medical expenses and other economic damages.

8        40.    The conduct of Defendant was engaged in with fraud, oppression and/or

9   malice, and was in conscious disregard of the rights and safety of others, including,

10   but not limited to, Plaintiff herein, so as to warrant the imposition of punitive

11   damages. Accordingly, Plaintiff is entitled to recovery against Defendant in an amount

12   to be determined at trial.

13   **D.**    **FOURTH CAUSE OF ACTION (ASSAULT)**

14        41.    Plaintiff realleges and reasserts each of the preceding paragraphs as if

15   fully set forth herein.

16        42.    The violent acts committed against Plaintiff by Defendant's employee

17   while he was performing his job duties, including his sexual assault of Plaintiff,

18   amounted to a series of events creating a reasonable apprehension in Plaintiff of

19   immediate harmful or offensive contact to Plaintiff's person, all of which were done

20   intentionally and without Plaintiff's consent.

21

43.     Defendant is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior. Defendant is vicariously liable for its employees' and agents' intentional and negligent torts, whether or not such acts were committed within the scope of employment.

44.     As a direct and proximate result of the aforementioned conduct, Plaintiff has sustained and will sustain physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation.

45.     As a direct and proximate result of the aforementioned conduct, Plaintiff has incurred medical expenses and other economic damages.

46.     The conduct of Defendant was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including, but not limited to, Plaintiff herein, so as to warrant the imposition of punitive damages. Accordingly, Plaintiff is entitled to recovery against Defendant in an amount to be determined at trial.

**E.      FIFTH CAUSE OF ACTION (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

47.     Defendant's employee, while carrying out his job duties, engaged in conduct toward Plaintiff that is extreme and outrageous so as to exceed the bounds of decency in a civilized society, namely, he sexually assaulted an innocent woman.

48.     Defendant is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior. Defendant is vicariously liable for its

employees' and agents' intentional and negligent torts, whether or not such acts were committed within the scope of employment.

49.    By their actions and conduct, Defendant's employee intended to and did intentionally and recklessly cause Plaintiff to suffer severe emotional distress.

50.    As a direct and proximate result of Defendant's employee's conduct, Plaintiff has suffered, and continues to suffer, severe emotional distress, for which she is entitled to an award of damages.

51.    The aforementioned events took place due to the negligent acts and/or omissions of Defendant and its agent, servant, employee and or licensee, who acted within the scope of his authority, within the scope of and in furtherance of his employment, and in furtherance of his agency.

52.    As a direct and proximate result of the aforementioned conduct, Plaintiff has sustained and will sustain physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation.

53.    As a direct and proximate result of the aforementioned conduct, Plaintiff has incurred medical expenses and other economic damages.

54.    The conduct of Defendant was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including, but not limited to, Plaintiff herein, so as to warrant the imposition of punitive damages. Accordingly, Plaintiff is entitled to recovery against Defendant in an amount to be determined at trial.

# VI.   **PRAYER FOR RELIEF**

55.     WHEREFORE, Plaintiff prays for judgment and relief as follows:

1.   Compensatory, actual, and punitive damages, according to proof at trial;

2.   Attorney's fees, costs and costs of suit; and

3.   Such other and further relief as the Court deems appropriate.

DATED: June 13, 2018                    Respectfully submitted,

**LAW OFFICES OF WAYNE KREGER, PA**

/S/ Wayne Kreger_____
WAYNE S. KREGER
wayne@kregerlaw.com
100 Wilshire Boulevard, Suite 700
Santa Monica, California  90401
Telephone: (310) 917-1083
Facsimile: (310) 917-1001

**WORMINGTON & BOLLINGER**
Lennie F. Bollinger, Texas Bar No. 24076894*
LB@wormingtonlegal.com
212 E. Virginia Street
McKinney, Texas 75069
Telephone (972) 569-3930
Facsimile (972) 547-6440
*Pro Hac Vice applications to be filed*

**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**

PLAINTIFF demands a jury trial on all triable issues.

DATED: June 13, 2018                    Respectfully submitted,

                                        **LAW OFFICES OF WAYNE KREGER, PA**


                                        /S/ Wayne Kreger_____
                                        WAYNE S. KREGER
                                        wayne@kregerlaw.com
                                        100 Wilshire Boulevard, Suite 700
                                        Santa Monica, California  90401
                                        Telephone: (310) 917-1083
                                        Facsimile: (310) 917-1001

                                        **WORMINGTON & BOLLINGER**
                                        Lennie F. Bollinger, Texas Bar No. 24076894*
                                        LB@wormingtonlegal.com
                                        212 E. Virginia Street
                                        McKinney, Texas 75069
                                        Telephone (972) 569-3930
                                        Facsimile (972) 547-6440
                                        *Pro Hac Vice applications to be filed*

                                        **ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND